UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BAYVIEW TOWNHOMES HOMEOWNERS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>Defendant. | CASE NO. C18-1299JLR<br><br>ORDER DENYING STIPULATED MOTION |

Before the court is the parties' stipulated motion to amend the scheduling order. (Stip. Mot. (Dkt. # 23).) The parties seek a four-month extension of all deadlines set forth in the court's scheduling order, including the trial date. (Sched. Order (Dkt. # 14).) The court has considered the parties' stipulated motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES the motion.

This lawsuit was commenced in federal court on August 31, 2018. (Not. of Removal (Dkt. # 1).) On October 25, 2018, the parties filed a joint status report, in which

ORDER - 1

the parties jointly represented that the matter would be ready for trial "on or after August 1, 2019." (JSR (Dkt. # 11) at 6.) Based on these representations, the court issued a scheduling order, which set the trial date on February 20, 2020. (Sched. Order at 1.)

The court issues scheduling orders setting trial and related dates to provide a reasonable schedule for the resolution of disputes. Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see also Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the parties'] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *Jackson*, 186 F.R.D. at 608. The court's scheduling order itself states that the dates are "firm" and that "[t]he court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause." (Sched. Ord. at 2.)

The only justification the parties provide for their request for a four-month extension of all remaining pretrial deadlines is that "Plaintiff is attempting to negotiate a settlement to this case and needs more time to do so." (Stip. Mot. at 2.) Ongoing or even

disputed settlement negotiations do not constitute good cause justifying the modification of a pretrial scheduling order. *See, e.g.*, *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273, 2013 WL 1164941, at *4 (E.D. Cal. Mar. 20, 2013) ("[A]s a legal matter, settlement discussions do not, in of [sic] themselves, arise to good cause for modifying a scheduling order."); *Eckert v. City of Sacramento*, No. 2:07-cv-00825, 2009 WL 3211278, at *2-3 (E.D. Cal. Sept. 30, 2009) (citing *Brooks v. Eclipse Recreational Vehicles, Inc.*, No. CV-08-1731, 2009 WL 1616017, at *3 (D. Ariz. June 9, 2009)). Certainly, the possibility that the parties might decide to engage in settlement discussions concerning their dispute is not something that would have been unforeseen or unanticipated at the time the parties filed their joint status report and informed the court when the case would be ready for trial. Notably absent from the parties' stipulation is any substantive discussion regarding why the parties just discovered the need for a four-month revision to the scheduling order when the possibility of settlement negotiations must have been contemplated from the start of litigation.

     For the foregoing reasons, the court finds that the parties have not established good cause for a four-month extension of the trial date and all other remaining case deadlines. Accordingly, the court DENIES the parties' stipulated motion (Dkt. # 23). Nevertheless, if the parties would like to move their trial date to the end of the court's trial calendar, they may so stipulate and notify the court. If the parties so stipulate, the court will issue a new case schedule for all remaining pretrial deadlines based on a new

//

//

trial date at the end of the court's trial calendar.  The parties should be aware that the court is presently setting trials in approximately December 2020.

Dated this 18th day of August, 2019.

JAMES L. ROBART
United States District Judge